# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 1:09-CR-64 |
| v. | (JUDGE CAPUTO) |
| DION DAKOTA JOHNSON, Defendant. | |

## MEMORANDUM

Before me is Mr. Johnson's motion for leave to file 28 U.S.C. §2255 motion out of time. (Doc. 383.) Mr. Johnson asserts that because of medications relating to his mental health condition taken from 2010 until January 30, 3012; because his attorney misled him into thinking his sentence would be 60 months; and, because his attorney did not file an appeal or 2255 action as Mr. Johnson directed him to do, the one year statute of limitations for filing actions under 28 U.S.C. §2255 should be tolled. Mr. Johnson's one year period for filing the 2255 action expired in April, 2011; this motion was not filed until January 30, 2012.

Because Mr. Johnson does not connect his mental health condition and medications to clarity of thought; because he was questioned in detail to determine the voluntariness and comprehension of the consequences of his guilty plea and answered such that I determined his plea was knowing and voluntary; because no appeal was filed; and, because almost a year elapsed from the time limit within which he could have filed a 2255 action, the motion will be denied.

## BACKGROUND

On September 1, 2009, Mr. Johnson entered a guilty plea to conspiracy to commit Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence. I conducted an in-depth examination of Mr. Johnson at the time of the plea in order to ascertain that the plea of guilty was knowing and voluntary. He was represented by counsel at the time and had entered into a plea agreement. I was satisfied that he understood the consequences of a plea, including the potential for a sentence up to the statutory maximum, and that the plea was voluntary.

On May 4, 2010, a sentencing hearing was held at which I denied the Government's request for an upward departure and granted the Defendant's motion for a downward departure. Mr. Johnson was sentenced to 48 months (low end of guideline range) and 84 months consecutively for the firearm offense.

On January 30, 2012, Mr. Johnson wrote a letter to me seeking permission to file a 2255 action out of time. This was grounded on Mr. Johnson's claim that he asked his lawyer to file an appeal, which was not done, and that he had not been informed of the time limitation within which to file a 2255 action. On February 8, 2012, Mr. Johnson sent a second letter making a similar request and noted that his guilty plea was a result of his counsel's misrepresentation that he would be sentenced to 60 months. He also noted he was off certain mental health medications that previously impacted the timeliness of the filing of the 2255 action and his ability to understand his attorney's deficiencies.

After some service failures, through no fault of Mr. Johnson, he filed his brief in support of his motion, and the Government responded. The matter is therefore ripe.

## **DISCUSSION**

Because Mr. Johnson does not have a basis for tolling the 2255 limitation period, his motion will be denied.

Mr. Johnson offers the following as the reasons why he did not timely file his 2255 action: 1) his counsel misrepresented that he filed an appeal when he did not; 2) he was suffering from the effects of mental health medication which did not allow him to comprehend his counsel's ineffectiveness both in not filing the appeal and not advising him of the one year limitation period for 2255 actions.

Here the 2255 action should have been filed in April, 2011. The motion to allow it out of time was not filed until January, 2012.

Equitable tolling is an extraordinary remedy which should be used "only sparingly". *U.S. v. Midgely*, 142 F.3d 174, 179 (3d Cir. 1998). Moreover, in order to make out a case for equitable tolling, Mr. Johnson must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The extraordinary circumstance alleged is that counsel failed to file an appeal when he said he would. Assuming that this is an extraordinary circumstance, Mr. Johnson does not present any evidence that he exercised due diligence in the face of his lawyer's alleged inaction. Mr. Johnson was advised at the time of sentence that any appeal had to be filed within fourteen days of sentence. He alleges he made efforts through his girlfriend to determine the status of his appeal, but was unable to do so. (Doc. 409, Exhibit A.) In January, 2012, he contacted the Court of Appeals to find out the status of his appeal and learned none was filed. (Doc. 409, Exhibit C.) This letter was well over a year beyond the time an appeal should have been filed. There is no

3

correspondence to his lawyer; no allegations of telephone calls by him to his lawyer; and, no correspondence with the Court of Appeals before January, 2012. This, on its face, is not due diligence.

Mr. Johnson offers as an excuse that he had been on mental health medication which did not allow him to comprehend the extent of his lawyer's ineffectiveness and prevented him from filing his 2255 action. There is no evidence as to how the medication impaired his ability to deal with these issues. A connection between the medication and the inability to understand an act is necessary to be probative, yet there is none. Indeed, there is nothing in the record concerning his mental condition that suggests the needed connection between his condition due to medication and inaction.[1]

Therefore, assuming that Mr. Johnson instructed counsel to file an appeal that he did not, if this is characterized as an extraordinary circumstance, Mr. Johnson failed to demonstrate that he exercised due diligence while the limitation period was running. As such, his case for equitable tolling fails, and his motion will be denied.

An appropriate Order follows.

Date: September 27, 2012

A. Richard Caputo
United States District Judge

---

[1] The Presentence Report notes depression, anxiety, suicidal thoughts and insomnia. (PSR, ¶¶ 69-71.)

4